UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

BENJAMIN WALKER,

    Petitioner,

v.                                       Case No. 12-C-0060

WILLIAM POLLARD,

    Defendant.

ORDER SCREENING PETITION AND REQUIRING A RESPONSE

On January 20, 2012, Benjamin Walker filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Walker was convicted in Outagamie County Circuit Court and is incarcerated at Waupun Correctional Institution.

Initially, the court must consider the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. The court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

The Fourteenth Amendment provides that "No State shall make or enforce any law which shall . . . deprive any person of . . . due process of law." The void for vagueness doctrine requires penal statutes to be sufficiently explicit. *Connally v. General Constr. Co.*,

269 U.S. 385, 391 (U.S. 1926). Accordingly, a statute which forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates due process of law. *Id.* Walker was convicted for his violation of Wis. Stat. § 940.32. He argues that § 940.32 contains multiple vague provisions and that the statute is unconstitutionally vague. This presents at least a colorable constitutional issue.

An application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847.

Generally, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). In this matter, it appears that Walker has exhausted his state remedies.

Therefore,

2

IT IS ORDERED that within sixty days of this order respondent must file an answer, motion, or other appropriate response to the petition.

An answer must comply with Rule 5 of the Rules Governing § 2254 Cases, and show cause, if any, why the writ should not issue. If respondent files an answer, petitioner shall have forty-five days from receipt of the answer to file a brief in support, respondent may file an opposition brief within forty-five days of receipt of petitioner's brief, and petitioner shall have thirty days within which to file any reply.

If the respondent files a motion to dismiss, the motion must be accompanied by a brief in support and other relevant materials. The time for response by petitioner and reply by respondent shall be governed by this district's local rules.

Principal briefs may not exceed thirty pages; reply briefs may not exceed fifteen pages.

Dated at Milwaukee, Wisconsin, this 23rd day of May, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE