# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BENJAMIN WALKER,

    Petitioner,

  v.                                   Case No. 12-CV-60

RHONDA KEMPEN and
DENISE SYMDON.

    Respondents.

## DECISION AND ORDER ON RESPONDENTS' MOTION TO DISMISS

        On January 20, 2012, the petitioner, Benjamin Walker ("Walker"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ( Docket # 1.) Before the Court is the respondents' motion to dismiss for failure to exhaust state remedies. (Docket # 26, 27.) The petitioner requested, and was granted, an extension of time to file his response brief (Docket # 28), but he never did so. The motion is now ready for disposition. For the reasons that follow, the respondents' motion to dismiss is granted and the petition for habeas corpus is dismissed.

## BACKGROUND

        Currently, the petitioner is on extended supervision following incarceration at the Waupun Correctional Institution.[1] (Letter Regarding Change in Petitioner's Address and Case Caption, Docket # 23 at 1.) Rhonda Kempen ("Kempen") is Walker's supervision agent and Denise Symdon ("Symdon") (collectively, "the respondents") is the administrator of the Division of Community

---

[1] Because a person on parole—or extended supervision, as it is called in Wisconsin—faces a "concrete injury" due to "the restriction imposed by the terms of the parole" or supervision, his "challenge to the validity of his conviction always satisfies the case-or-controversy requirement." *Spencer v. Kemna*, 52 U.S. 1, 7 (1998). Therefore, Walker's habeas petition is properly before this Court despite the fact that he is no longer incarcerated.

Corrections. (Docket # 23 at 1-2.) Walker was convicted of stalking and burglary following a jury trial in Outagamie County Case No. 06-CF-969. (Judgment of Conviction, Docket # 27-1 at 1-2; Docket # 1 at 1; Respondents' Br. in Support of Mtn. to Dismiss, Docket # 27 at 2.) On the stalking charge, he was sentenced to one year in county jail; on the burglary charge, Walker was sentenced to one-and-a-half years in prison, to be served consecutive to the sentence for the stalking charge, and four years of extended supervision. (Docket # 27 at 2; Docket # 27-1 at 1-2.)

As relevant to this case, Walker filed several post-conviction motions at the trial court level and a subsequent appeal following his conviction. Walker filed a motion for a trial de novo, which the circuit court denied on November 13, 2010. (Circuit Ct. Decision, 11/15/2010, Docket # 27-2.) On November 19, 2010, Walker filed another post-conviction motion, alleging that the stalking statute, Wis. Stat. § 940.32, is unconstitutional, which therefore deprived the circuit court of subject matter jurisdiction.[2] (Post-conviction Mtn., Docket # 27-3.) On January 27, 2011, the circuit court denied Walker's motion. The court offered two distinct reasons for the denial: first, Walker failed to serve a copy of his motion on the attorney general per the requirements of Wis. Stat. § 806.04(11) (2009-10); second, the court stated that Walker failed to cite any legal authority to support his claim that the stalking statute is unconstitutional. (Docket # 27-2 at 4-5.) Under *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633, 642 (Ct. App. 1992), the circuit court will not consider arguments that are not supported by references to legal authority. (*See id.* at 5.)

On January 30, 2011, Walker filed an appeal (Case No. 2010AP2854). In his brief, Walker raised several arguments. He argued that there was no good cause for the state to fail to provide the

---

[2] Per the circuit court January 27, 2010 order, Walker had filed numerous other "motions and letters," including the post-conviction motion asking the court to find the stalking statute unconstitutional and a motion for reconsideration of the denial for a trial de novo. (Circuit Ct. Decision, 1/27/2011, Docket # 27-4 at 1, n. 1, 2.)

addresses of its witnesses, an alleged discovery violation (Pet. App. Br., Docket # 25-5 at 9); that various bond revocations were void (*id.* at 13-20); that he never violated his bond (*id.* at 20-22); and finally, that the circuit court lacked subject matter jurisdiction because the stalking statute is unconstitutional (*id.* at 23-34). In its response brief, the State addressed the alleged discovery violation (States' App. Resp. Br., Docket # 27-6 at 2-9), Walker's arguments about his bond (*id.* at 11), and his argument regarding the unconstitutionality of the stalking statute (*id.* at 11-13). In his reply brief, however, Walker withdrew "his [argument] regarding . . . the constitutionality of stalking." (Docket # 27-7 at 18.) The court of appeals' decision does not address Walker's argument about the constitutionality of the stalking statute. (*See* Court of App. Decision, 2010AP2854, 11/15/2011, Docket # 27-8.)

Walker then filed a petition for review with the Wisconsin Supreme Court on December 30, 2011. (Docket # 27-9.) He raised six issues in his petition, but his argument that the circuit court lacked jurisdiction because the stalking statute is unconstitutional was not among them.[3] (*Id.* at 1.) Walker, however, argued that the Wisconsin Supreme Court should be able to hear subject matter jurisdiction claims for the first time. (*Id.* at 12.) The Wisconsin Supreme Court denied his petition for review on April 23, 2012. (Docket # 27-10.) While his petition for review with the Wisconsin

---

[3] Walker raised the following six issues:

1. Can intentional violations of the discovery statutes ever be justified?
2. Does the Wisconsin Constitution require grand jury indictments for felonies?
3. Can subject matter jurisdiction be challenged for the first time on a petition for review in this court?
4. Does a timely Wis. Stat. § 805.15 motion toll the time to file an appeal?
5. What is the procedure for a forfeiture action under Wis. Stat. § 969.13?
6. Are unrepresented parties protected as a class by the 14th Amendment?

(Docket # 27-9 at 1.) Walker therefore did not present a claim about the constitutionality of the stalking statute, though he did raise a question about whether subject matter jurisdiction could be reviewed for the first time at the supreme court.

- 3 -

Case 2:12-cv-00060-NJ   Filed 03/19/13   Page 3 of 11   Document 30

Supreme Court was still pending, on January 20, 2012, Walker filed the instant petition. (Docket # 1.)

In his habeas petition, Walker raises one ground challenging his convictions. He argues that the stalking statute, Wis. Stat. § 940.32 (2005-06), is unconstitutionally vague. (Br. in Support of Pet. for Habeas Corpus, Docket # 1-1.) This, he argues, also makes the burglary charge unconstitutional as he was charged with burglary with intent to commit stalking. (Docket # 1 at 1.) He offers several arguments supporting his constitutional challenge: Walker argues that the phrase "show a continuity of purpose" is vague inasmuch as it does not "specify what is necessary to link [two] or more acts" (Docket # 1-1 at 1); he also argues that the requirement that at least two or more acts make up a course of conduct, *see* Wis. Stat. § 940.32(1)(a) (2005-06), could be convoluted by a series of acts in rapid succession (*id.* at 3); that the jury would be overwhelmed by the task of determining which acts that constitute the course of conduct caused the victim to suffer as required by § 940.32(2)(a)-(c) (*id.* at 5); and that the phrase "should know" is too subjective and vague to satisfy constitutional requirements (*id.* at 9).

## ANALYSIS

The State argues that Walker has procedurally defaulted his constitutionality claim in two ways: first by failing to raise the claim at each level of the state court and second by the circuit court's denial of his constitutionality claim on adequate and independent state grounds. (Docket # 27 at 7.) In his brief in support of his petition, Walker contends that the constitutionality claim has been "fully presented to the courts of the state, in this case the Wisconsin Supreme Court, which ignored it." (Br. in Support of Pet. for Habeas Corpus, Docket # 2 at 15.) Walker also makes the argument that he

can raise his constitutionality argument on habeas because his conviction is void for unconstitutionality. (*Id.* at 11.)

*Failure to Exhaust*

A federal court may not entertain a petition from a prisoner being held in state custody unless the petitioner has exhausted his state remedies. 28 U.S.C. § 2254(b)(1)(a). A claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). With some exceptions, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). For a constitutional claim to be fairly presented to a state court, both the operative facts and the controlling legal principles must be submitted to that court. *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992). Also, the petitioner must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court. *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001).

If state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state court review or for taking an appeal, those remedies are technically exhausted; however, exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim. *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). A procedural default will bar federal habeas relief unless the petitioner can demonstrate

- 5 -

both cause for and prejudice stemming from that default or he can establish that the denial of relief will result in a miscarriage of justice. *Id.* (citing *Wainwright v. Skyes*, 433 U.S. 72, 86-87 (1977)).

In this case, Walker has not exhausted his federal claim as required by 28 U.S.C. § 2254(b)(1)(A). Though Walker has exhausted the state court appellate process—that is, he has invoked one complete round of the appellate process, including petitioning for discretionary review at the Wisconsin Supreme Court—as he required to do, *McAtee*, 250 F.3d at 508-09, he did not fairly present his constitutionality claim to each court, *see Verdin*, 972 F.2d at 1474. Because Walker withdrew his constitutionality argument at the court of appeals (Pet. Ct. of App. Reply Br., Docket # 27-7 at 18), he did not fairly present it to the court of appeals. Furthermore, the only argument that could be construed as contemplating his constitutionality argument in his petition for review with the Wisconsin Supreme Court posed a question about the ability to raise subject matter jurisdiction for the first time at the supreme court. (Pet. for Review, Docket # 27-9 at 1.) This argument does not directly or clearly present a constitutionality argument such that it could be considered to be "fairly presented" to the Wisconsin Supreme Court. Walker, therefore, procedurally defaulted his constitutionality claim by failing to present it to each court in the state appellate process. *See Lewis*, 390 F.3d at 1026.

*Adequate and Independent State Grounds*

Additionally, the circuit court refused to consider Walker's constitutionality argument because it was improperly developed. This, too, results in procedural default.

When a "state court does not reach a federal issue because of a state procedural bar, the issue cannot be raised" in a federal writ for habeas corpus unless the petitioner can show cause and prejudice. *Jenkins v. Nelson*, 157 F.3d 485, 491 (7th Cir. 1998) (citing *Wainwright v. Sykes*, 433 U.S.

- 6 -

72, 90-91 (1977)). In order to conclude that a petitioner has procedurally defaulted a claim due to an adequate and independent state ground, this Court "must be convinced that the last state court to consider the question actually relied" on a procedural ground "as the basis for its decision." *Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000) (internal citations omitted). The state court's reliance on a procedural rule therefore must be explicit. *See id.* Furthermore, "the state's procedural rule must be both 'firmly established and regularly followed,'" applied consistently and frequently, and will not be an adequate ground for procedural default "if the prisoner 'could not fairly be deemed to have been apprised of its existence' at the time [he] acted." *Id.* (internal citations omitted).

As explained above, the circuit court was the only Wisconsin state court to entertain Walker's argument that the stalking statute is unconstitutional. (*See* Docket # 27-3). Therefore, this Court must determine whether the circuit court relied on a procedural rule as the basis for its decision regarding Walker's constitutionality challenge to the stalking statute.

In its order denying Walker's post-conviction motion challenging the constitutionality of the stalking statute, the circuit court declined to consider his argument because Walker did not "cite any legal authority in support of his claims, nor did he factually develop any of his arguments," which is grounds to not consider an argument under *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633, 642 (Ct. App. 1992). (Docket # 27-4 at 5.) In *Kerr v. Thurmer*, 639 F.3d 315, 323 (7th Cir. 2011), *vacated on other grounds*, 132 S. Ct. 1791 (2012), the habeas petitioner's post-conviction motion was denied for failure to develop his claim under *Pettit*. The Seventh Circuit recognized that this procedural rule "has consistently been a reason to reject claims advanced by litigants in the Wisconsin state courts." *Id.* The rule is thus "firmly established and regularly followed." *See Braun*, 227 F.3d at 912. This denial thus constituted adequate and independent state grounds, resulting in

procedural default. *Kerr*, 639 F.3d at 323. Therefore, the circuit court's reliance on *Pettit* in the present case also constitutes adequate and independent state grounds, and Walker is procedurally defaulted.

In denying his post-conviction motion, the circuit court also relied on Wis. Stat. § 806.04(11), which requires service on the attorney general when challenging the constitutionality of a statute under the Uniform Declaratory Judgments Act, Wis. Stat. § 806.04. Because failure to develop a legal argument constitutes adequate and independent state grounds, this Court need not address whether the notice requirement is another adequate and independent state ground.

*Cause and Prejudice / Miscarriage of Justice Exceptions*

To overcome procedural default, the petitioner must either demonstrate both cause for and prejudice stemming from his procedural default or be able to establish that the denial of relief will result in a miscarriage of justice. *Lewis*, 390 F.3d at 1026 (citing *Wainwright v. Skyes*, 433 U.S. 72, 86-87 (1977)). The former exception requires that the petitioner show "that some type of external impediment prevented [him] from presenting his federal claim to the state courts" to prove cause. *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)). In order to establish prejudice, the petitioner must show that "the violation of [his] federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Lewis*, 390 F.3d at 1026 (citing *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original)). The latter exception requires that the petitioner "show that he is actually innocent of the offense for which he was convicted, i.e., that no reasonable juror would have found him guilty of the crime but for the error(s) that he attributed to the state court." *Lewis*, 390 F.3d at 1026 (citing *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995)).

- 8 -

Walker argues that he is able to raise his constitutionality argument because his conviction is void. (*See* Br. in Support of Pet. for Habeas Corpus, Docket # 2 at 11-15). However, this is not an argument alleging cause for and prejudice stemming from his default, nor it is an argument alleging that he is actually innocent. That is, this argument does not allege an "external impediment" that prevented him from raising his claim at each level of the state court nor does it specifically allege a violation that "worked to his actual and substantial disadvantage." Furthermore, Walker provides no argument that he is actually innocent of the offenses for which he was convicted. Therefore, Walker has not met either exception to procedural default. The motion to dismiss is granted and the case is dismissed.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

- 9 -

debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

For the reasons set forth in this decision denying Walker's habeas petition, Walker's claim does not warrant a certificate of appealability. Whether Walker is procedurally defaulted is a straightforward issue, and this Court does not believe that a reasonable jurist would find it debatable whether this Court erred in resolving this procedural question. Because this finding alone is sufficient grounds to deny a certificate of appealability, I need not determine whether the petition states a valid constitutional question that jurists of reason would find debatable. Consequently, the Court will deny Walker a certificate of appealability.

Of course, Walker retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that respondents' motion to dismiss for failure to exhaust (Docket # 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that Givens' petition for writ of habeas corpus (Docket # 1) and this action be and hereby are **DISMISSED** for failure to exhaust state remedies.

**IT IS FURTHER ORDERED** that a certificate of appealability be and hereby is **DENIED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 12th day of March, 2013.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge