**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

BENJAMIN WALKER,

    Petitioner,

v.                                         Case No. 12-CV-60

RHONDA KEMPEN and
DENISE SYMDON,

    Respondents.[1]

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

On January 20, 2012, the petitioner, Benjamin Walker ("Walker"), filed a petition for a writ of habeas corpus. (Docket # 1.) On March 19, 2013, this Court granted the respondent's motion to dismiss (Docket # 26) and dismissed the petition (Docket # 30, 31). On April 18, 2013, Walker filed a motion for reconsideration under Fed. R. Civ. P. 59(e). For the reasons set forth in this decision, Walker's motion is denied.

Federal Rule of Civil Procedure 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment, which may not be extended under Federal Rule of Civil Procedure 6(b)(2). A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)

---

[1]     It appears that Walker is now in custody at the Outagamie County Jail. (*See* Affidavit of Mailing, Docket # 33-1; Motion for Reconsideration, Docket # 33 (listing "William Pollard" as the respondent)). However, Walker has not asked to amend the caption of his case.

(quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

Walker's motion is untimely. Judgment in Walker's case was entered on March 19, 2013. (Docket # 31), and a copy of the order and the judgment was sent to him the same day (*see* Docket # 30, 31.). Per Fed. R. Civ. P. 6(a)(1), the 28-day period began running on March 20, 2013. Thus, the 28-day period in which Walker could file a motion under Fed. R. Civ. P. 59(e) expired April 17, 2013. *See* Fed. R. Civ. P. 6(a)(1)(C); *McCarty v. Astrue*, 528 F.3d 541, 545 (7th Cir. 2008) (explaining that Rule 6(d)—at that time, Rule 6(e)—"only enlarges the filing time [by three days] when the period of time for acting runs from the service of a notice, not when the time for acting is designated from the entry of judgment."). Along with his motion for reconsideration, Walker submitted an affidavit of mailing stating that he submitted his motion reconsideration to prison authorities on April 18, 2013. (Docket # 33-1.) Per Rule 3(d) of the Rules Governing Section 2254 Cases, "[a] paper filed by an inmate confined in an institution is timely filed if deposited in the institution's internal mailing system on or before the last day for filing," which "may be shown by a declaration in compliance with 28 U.S.C. § 1746." Walker's affidavit of mailing does comply with 28 U.S.C. § 1746. Therefore,

- 2 -

Walker's motion for reconsideration was filed on April 18, 2013, one day past his deadline under Fed. R. Civ. P. 59(e).

Even if Walker's motion for reconsideration was timely, it would be denied on the merits. In his motion for reconsideration, Walker does not present any newly discovered evidence. Therefore, the question would be whether this Court made a "manifest error of law or fact" in granting the respondent's motion to dismiss. Walker makes several arguments in his motion for reconsideration. First, he argues that this Court erred in finding that he was required to exhaust his constitutionality argument in state court. Second, Walker argues that he did, in fact, exhaust his constitutionality argument. Third, Walker argues that he was not given the opportunity to show cause for and prejudice stemming from his procedural default. The Court will address each argument in turn.

Walker argues that several Supreme Court cases hold that he is not required to exhaust his argument that the statute under which he was convicted is unconstitutional. However, as explained in this Court's decision granting the motion to dismiss, Walker, like all other habeas petitioners, was required by 28 U.S.C. § 2254(b)(1)(A) to invoke one complete round of the state appellate process, *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2011), in which he fairly presented his constitutionality argument at each level of the review process, *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992). Though he completed one round of state appellate review, and thus exhausted the state court appellate process, he failed to fully and fairly present his constitutionality argument to each level of the state courts. Therefore, Walker procedurally defaulted his argument that the statute under which he was convicted is unconstitutionally vague.[2] *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004).

---

[2] As this Court explained in its decision, Walker is also procedurally defaulted on an adequate and independent state grounds basis. The circuit court declined to consider his constitutionality argument because he failed to develop it, citing *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633, 642 (Ct. App. 1992). The circuit court's reason for declining to consider the merits of his argument constitutes adequate and independent

Furthermore, contrary to Walker's contention, he did not present his constitutionality argument at each level of the state appellate process. As noted above, exhaustion requires that a petitioner "fairly present" his claim at each level of state appellate review. *See Verdin*, 972 F.2d at 1474 (explaining that for a constitutional claim to be fairly presented to a state court, both the operative facts and the controlling legal principles must be submitted to that court). Walker withdrew his constitutionality argument at the court of appeals, which prevented him from "fairly presenting" his argument at that level. (Pet. Ct. of App. Reply Br., Docket # 27-7 at 18.) He also failed to "fairly present" his constitutionality argument at the Wisconsin Supreme Court. There, the only argument contained in his petition for review that could be construed as dealing with Walker's constitutionality argument was an argument about the ability to raise subject matter jurisdiction for the first time at the supreme court. (Pet. for Review, Docket # 27-9 at 1.) Thus, Walker's argument that his constitutionality challenge was "fairly presented" fails.

Walker also argues that he was not given an opportunity to show cause for and prejudice stemming from his procedural default. However, Walker did have the opportunity to allege cause and prejudice; he did not take it. First, the respondent raised the cause and prejudice argument in its brief in support of the motion to dismiss. (*See* Docket # 27 at 9-10.) That brief was filed on August 6, 2012. Second, Walker was given an opportunity to file a responsive brief. In fact, he requested a motion for an extension of time (Docket # 28), which was granted. Walker's brief was due on September 14, 2012. When this Court issued its decision on March 19, 2013, Walker had never filed a responsive brief. Thus, Walker did not take his opportunity to respond to the motion to dismiss.

---

state grounds per Seventh Circuit precedent. *See Kerr v. Thurmer*, 639 F.3d 315, 323 (7th Cir. 2011), *vacated on other grounds*, 132 S. Ct. 1791 (2012).

He was, therefore, afforded an opportunity to show cause for and prejudice stemming from his procedural default.

Walker also argues that the Court erred by "not having the clerk specify whether the action was dismissed for procedural default <u>in addition</u> to failure to exhaust." (Docket # 33 at 2.) Though Walker's motion is denied for untimeliness, he is correct that the judgment needs to clarify that the petition was dismissed for procedural default for both failure to exhaust and for adequate and independent state grounds. Therefore, the Court amends the judgment pursuant to Fed. R. Civ. P. 60(a), which allows the Court, on its own, to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment . . . ." Accordingly, the Court will order the Clerk to amend the judgment.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Motion for Reconsideration (Docket # 32) is **DENIED** as untimely under Fed. R. Civ. P. 59(e).

**IT IS ALSO ORDERED**, pursuant to Fed. R. Civ. P. 60(a), that the Clerk shall amend the judgment to clarify that Walker's petition was dismissed for procedural default for both failing to exhaust state remedies and for adequate and independent state grounds.

Dated at Milwaukee, Wisconsin this 30th day of April, 2013.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge